OPINION
Defendant-appellant Harry E. Bell appeals the February 27, 2001, decision of the Muskingum County Court of Common Pleas adjudicating him a sexual predator as defined in R.C. 2950.01(E). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On November 19, 1990, Appellant pled guilty to one count of Illegal Use of a Minor in Nudity Oriented Material, one count of Pandering Sexually Oriented Matter Involving a Minor, seven counts of Pandering Obscenity Involving a Minor, two counts of Gross Sexual Imposition and three counts of Sexual Battery.
After the enactment of Ohio's version of Megan's Law, R.C. Chapter 2950, a hearing to determine whether appellant should be adjudicated a sexual predator was held on February 22, 2001.
On February 27, 2001, the trial court filed a sentencing Entry which adjudicated appellant a sexual predator.
It is from the trial court's decision adjudicating him a sexual predator that appellant prosecutes this appeal, raising the following sole assignment of error:
 I. THE TRIAL COURT ERRED IN ADJUDICATING DEFENDANT A SEXUAL PREDATOR WITHOUT REQUIRING CLEAR AND CONVINCING EVIDENCE THAT IT WAS LIKELY DEFENDANT WOULD ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES IN CONTRAVENTION OF THE OHIO REVISED CODE AS WELL AS THE UNITED STATES AND OHIO CONSTITUTIONS
 I.
In his sole assignment of error, appellant contends that the trial court's adjudicating him a sexual predator is against the manifest weight of the evidence. We disagree.
In State v. Cook (1993), 83 Ohio St.3d 404, the Supreme Court of Ohio determined that R.C. Chapter 2950 is remedial, not punitive, in nature. As such, we will review this Assignment of Error under the standard of review contained in C.E. Morris Co. v. Foley Construction (1978),54 Ohio St.2d 279. Accordingly judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence
R.C. § 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or plead guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Appellant was convicted of two counts of Gross Sexual Imposition under R.C. § 2907.05 and three counts of Sexual Battery under R.C. § 2907.03. Revised Code § 2950.01(D)(1) specifies that R.C. § 2907.05 and R.C. § 297.03 are sexually oriented offenses.
In addition, R.C. § 2950.09(C)(2) states, that in a hearing to determine if an offender is a sexual predator, "the court shall consider
all relevant factors, including, but not limited to, all of the factors specified in division (B)(2) [of 2950.09]." (emphasis added) The factors set forth in R.C. 2950.09(B)(2) are:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavior characteristics that contribute to the offender's conduct.
The Court shall determine an offender to be a sexual predator only if the evidence presented convinces the court by clear and convincing evidence. R.C. § 2950.09(C)(1). The standard of "clear and convincing" is the measure or degree of proof that is more than a mere "preponderance of the evidence" but not to the extent of such certainty required "beyond a reasonable doubt" in most criminal cases. State v.Schiebel (1990), 55 Ohio St.3d 71. Credible hearsay, such as a presentence investigation report, may be relied upon by the trial judge.Cook, supra. pg. 425.
In a recent decision, State v. Thompson (2001), 92 Ohio St.3d 584, the Ohio Supreme Court held:
 A judge must consider the guidelines set out in R.C. 2950.09(B)(2), but the judge has discretion to determine what weight, if any, he or she will assign to each guideline. Pursuant to R.C. 2950.09(B)(2), a judge may also consider any other evidence that he or she deems relevant to determining the likelihood of recidivism.
A review of the record shows that the trial court considered all the factors listed in R.C. Section 2950.09(B)(2).
At the sexual predator hearing the trial court heard evidence presented by probation officer Melanie Richert whose pre-sentence investigation revealed the following:
 the victims in this matter ranged from 12 years to 15 years of age. (T. at 4).
 the charges for which Appellant was convicted involved seven (7) victims. (T. at 4).
 The abuse in this case took place over a period of time, not just one isolated incident. (T. at 4-5).
It is also clear from the record that in addition to the above-listed factors, the judge also considered the Appellant's age at the time of the offense (T. at 12), Appellant's lack of mental illness (T. at 12), Appellant's participation in certain programs (T. at 12) as well as the serious nature of Appellant's crimes (T. at 12-13).
In its Entry of February 27, 2001, the trial court further states that it considered "all relevant factors, including but not limited to the factors under § 2950.09(B)(2). . .".
Base on the above, we find that the trial court's classification of Appellant as a sexual predator is supported by competent, credible, clear and convincing evidence.
JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed. Costs to appellant.
Hon. W. Scott Gwin, P.J. Hon. John W. Wise, J. Hon. John F. Boggins, J. concur.